IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RONALD J. KORMANIK, §
　§
　　　　Plaintiff, §
　§
v. § CIVIL ACTION NO. H-18-3709
　§
THE BANK OF NEW YORK MELLON §
AS TRUSTEE FOR CWABS, INC. §
ASSET-BACKED CERTIFICATES §
SERIES 2005-17, §
　§
　　　　Defendant. §

## MEMORANDUM OPINION AND ORDER

Plaintiff Ronald J. Kormanik ("Plaintiff") sued defendant The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Backed Certificates Series 2005-17 (the "Trustee") in the 215th District Court of Harris County, Texas (the "State Court"), alleging that the Trustee is improperly attempting to foreclose on his real property located at 1122 Barkston Drive, Katy, Texas 77450 (the "Property").[1] The Trustee timely removed the action on October 9, 2018.[2] Pending before the court is Defendant's Motion for Summary

---

[1]The Property is more particularly described in the subject Texas Security Instrument recorded in the real property records of Harris County, Texas, in Instrument Number Y853735 (the "Security Instrument") as:

　　Lot Twenty (20), in Block Five (5), of NOTTINGHAM COUNTRY,
　　SECTION NINE (9), a subdivision in Harris County, Texas,
　　according to the map or plat thereof recorded in Volume
　　289, Page 13 of the Map Records of Harris County, Texas.

[2]See Defendant's Notice of Removal ("Notice of Removal"), Docket Entry No. 1, p. 1.

Judgment on all Claims, Counterclaims and Third Party Claims and Brief in Support (the "Trustee's MSJ" or the "Trustee's Motion for Summary Judgment") (Docket Entry No. 14). For the reasons explained below, the Trustee's Motion for Summary Judgment will be granted.

## I. Factual and Procedural Background

On October 4, 2005, Plaintiff executed a $149,688.00 Texas Home Equity Note (the "Note") in favor of his original lender, Countrywide Home Loans, Inc. (the "Original Lender").[3] The Note was secured by the Security Instrument,[4] which established a first lien on the Property.[5] During the closing Plaintiff also signed a Texas Home Equity Affidavit and Agreement (the "Affidavit").[6]

Plaintiff defaulted on the Loan in July of 2014 and remains in default.[7] Notice of Default was sent to Plaintiff and his wife, Carol Kormanik ("Mrs. Kormanik"), via certified mail on August 15,

---

[3]See Note, Exhibit 1-A to Declaration of Select Portfolio Servicing, Inc. ("SPS Declaration"), Docket Entry No. 14-1, pp. 4-6.

[4]The Note and the Security Instrument are referred to collectively herein as the "Loan."

[5]See Security Instrument, Exhibit 1-B to SPS Declaration, Docket Entry No. 14-1, pp. 7, 16-17.

[6]See Affidavit, Exhibit 1-C to SPS Declaration, Docket Entry No. 14-1, pp. 23-26.

[7]See SPS Declaration, Exhibit 1 to Trustee's MSJ, Docket Entry No. 14-1, p. 2 ¶ 7 ("The Loan Records reflect that Borrower fell behind on his payment obligations under the Loan and is past due for the July 1, 2014 payment and all subsequent payments.").

2014.[8] On September 25, 2014, Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the Original Lender assigned the Security Instrument to the Trustee and recorded the assignment in the Harris County real property records.[9] A second notice of default was sent to Plaintiff via certified mail on January 4, 2018.[10] Notice of acceleration was sent to Plaintiff via certified mail on February 7, 2018.[11] Select Portfolio Servicing, Inc. ("SPS") is the current duly authorized mortgage servicer for the Loan.[12]

Plaintiff filed this action in the State Court on October 1, 2018.[13] The Trustee timely removed on October 9, 2018.[14] On November 30, 2018, the Trustee filed a counterclaim seeking an order of foreclosure and a declaration of its right to foreclose.[15]

---

[8] See Notice of Default and Intent to Accelerate [August 15, 2014], Exhibit 1-D to SPS Declaration, Docket Entry No. 14-1, p. 30.

[9] See Assignment of Deed of Trust, Exhibit 1-E to SPS Declaration, Docket Entry No. 14-1, p. 38.

[10] See Notice of Default and Intent to Accelerate [January 4, 2018], Exhibit 1-F to SPS Declaration, Docket Entry No. 14-1, p. 42.

[11] See Notice of Acceleration of Loan Maturity ("Notice of Acceleration"), Exhibit 1-G to SPS Declaration, Docket Entry No. 14-1, p. 45.

[12] See Limited Power of Attorney, Exhibit 1-H to SPS Declaration, Docket Entry No. 14-1, p. 53.

[13] See Plaintiff's Original Petition ("Petition"), Exhibit C-1 to Notice of Removal, Docket Entry No. 1-4, p. 1.

[14] See Notice of Removal, Docket Entry No. 1.

[15] See Defendant's Original Counterclaims for Judgment Authorizing Foreclosure, Docket Entry No. 7.

On the same date, the Trustee filed its third party claim against Mrs. Kormanik seeking an order authorizing foreclosure because Mrs. Kormanik is a necessary party to any request for foreclosure.[16] Mrs. Kormanik filed an answer on January 10, 2019.[17] The Trustee filed its Motion for Summary Judgment on February 14, 2019.[18] Plaintiff moved for an extension of time to respond to the Trustee's Motion for Summary Judgment on February 27, 2019.[19] The court granted Plaintiff's motion and ordered Plaintiff to respond to the Trustee's Motion for Summary Judgment by March 14, 2019.[20] Plaintiff did not file a response. For the reasons explained below, the Trustee's Motion for Summary Judgment will be granted.

## II. Summary Judgment Standard

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

---

[16]See Defendant's Original Third Party Complaint for Judgment Authorizing Foreclosure, Docket Entry No. 8; Trustee's MSJ, Docket Entry No. 14, p. 2.

[17]See Answer of Carol Kormanik to Third Party Complaint, Docket Entry No. 10.

[18]See Trustee's MSJ, Docket Entry No. 14.

[19]See Plaintiff, Ronald J. Kormanik's Unopposed Motion to Extend Motion Docket Date and to Respond to Defendant's Motion for Summary Judgment, Docket Entry No. 17.

[20]See Order Granting Plaintiff, Ronald J. Kormanik's Unopposed Motion to Extend Motion Docket Date and to Respond to Defendant's Motion for Summary Judgment, Docket Entry No. 18.

Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting Celotex, 106 S. Ct. at 2553). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Id. If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Id. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make

credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000). The court resolves factual controversies in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

### III. Analysis

Pursuant to the local rules of this district, "failure to respond to a motion will be taken as a representation of no opposition." Local Rules of the United States District Court for the Southern District of Texas LR 7.4. Because Plaintiff failed to respond to the Trustee's Motion for Summary Judgment, the court will treat the Motion as though it is unopposed by Plaintiff. The court will nevertheless consider the Trustee's Motion for Summary Judgment on the merits.

In his Petition, Plaintiff seeks a declaration that the Trustee lacks standing to foreclose on the Property.[21] The Trustee argues that Plaintiff's declaratory relief claim lacks merit and that the Trustee is entitled to an order authorizing it to foreclose on the Property.[22]

---

[21] See Petition, Exhibit C-1 to Notice of Removal, Docket Entry No. 1-4, pp. 4-5.

[22] See Trustee's MSJ, Docket Entry No. 14, pp. 7-10.

## A. Plaintiff's Claim for Declaration of the Trustee's Lack of Standing to Foreclose

"Under Texas Property Code §§ 51.002, 51.0025, the mortgagee or mortgage servicer may foreclose upon" real property secured by a security instrument when a borrower defaults. See Flowers v. Deutsche Bank National Trust Co., 614 F. App'x 214, 216 (5th Cir. 2015). While a mortgagee can be the original holder of a security instrument (in this case, the Original Lender), a mortgagee can also be the most recent assignee of record of a security interest. Tex. Prop. Code § 51.0001(4). The Trustee is the most recent assignee of record of the Security Instrument and holder of the Note, and is therefore the current mortgagee on the Loan. As the mortgagee, the Trustee has all the rights in the Property that the Original Lender held at the time of the assignment, including the right to foreclose in the event that Plaintiff defaults.[23]

In his Petition, Plaintiff alleges that the Trustee lacks standing to foreclose on the Property because the assignment of the Original Lender's interest in the Loan to the Trustee was improper.[24] Plaintiff alleges that he was never given proper notice of the assignment.[25] "[U]nder Texas law, facially valid assignments

---

[23] See Security Instrument, Exhibit 1-B to SPS Declaration, Docket Entry No. 14-1, p. 17 (granting the Original Lender a power of sale).

[24] See Petition, Exhibit C-1 to Notice of Removal, Docket Entry No. 1-4, pp. 4-5.

[25] Id. at 4.

cannot be challenged for want of authority except by the defrauded assignor." Reinagel v. Deutsche Bank National Trust Co., 735 F.3d 220, 228 (5th Cir. 2013). Plaintiff, as the borrower on the Loan, therefore has no standing to challenge MERS's assignment of the Original Lender's interest to the Trustee. Furthermore, the assignment of the Security Instrument to the Trustee was recorded in the Harris County real property records, providing Plaintiff with notice of the assignment. Plaintiff is therefore not entitled to a declaration that the Trustee lacks standing to foreclose, and the Trustee's Motion for Summary Judgment on Plaintiff's claim for declaratory relief will be granted.

B. **The Trustee's Request for an Order of Foreclosure**

The Trustee argues that it is entitled to summary judgment on its counterclaim and third party claim seeking an order authorizing foreclosure and a declaration of its right to foreclose on the Property.[26] "Under Texas law, lenders have a substantive right to elect judicial or nonjudicial foreclosure in the event of a default." Douglas v. NCNB Texas National Bank, 979 F.2d 1128, 1130 (5th Cir. 1992). "To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate the following: (1) a debt exists; (2) the debt is secured by a lien created under Article 16, § 50(a)(6) of the Texas Constitution; (3) plaintiff[ is] in default under the note and security

---

[26]See Trustee's MSJ, Docket Entry No. 14, pp. 8-10.

-8-

instrument; (4) plaintiff[] received notice of default and acceleration;" and (5) plaintiff is not a member of the National Guard or United States Military and has not applied for relief under the Soldier's and Sailor's Relief Act of 1940. Tex. Prop. Code Ann. § 51.002 (West 2016); Amaro v. Bear Stearns Residential Mortgage Corporation, Civil No. 1:15-CV-74, 2016 WL 6775504, at *4 (S.D. Tex. March 31, 2016).

The Trustee has established that a debt exists and that the debt is a secured lien created under Article 16, § 50(a)(6) of the Texas Constitution.[27] The Trustee has also established that Plaintiff and Mrs. Kormanik are in default.[28] The Texas Property Code requires the mortgage servicer to serve a debtor in default with a written notice by certified mail stating that the Note is in default and providing at least twenty days to cure the deficiency. Tex. Prop. Code Ann. § 51.002(d). Notices of default were sent to Plaintiff and Mrs. Kormanik on August 15, 2014, and January 4, 2018.[29] Notice of Acceleration was sent to Plaintiff and

---

[27]See Note, Exhibit 1-A to SPS Declaration, Docket Entry No. 14-1, p. 4; Security Instrument, Exhibit 1-B to SPS Declaration, Docket Entry No. 14-1, p. 7.

[28]See SPS Declaration, Exhibit 1 to Trustee's MSJ, Docket Entry No. 14-1, p. 2; Notice of Default and Intent to Accelerate [August 15, 2014], Exhibit 1-D to SPS Declaration, p. 30; Notice of Default and Intent to Accelerate [January 4, 2018], Exhibit 1-F to SPS Declaration, Docket Entry No. 14-1, p. 42. Plaintiff does not dispute that the Loan is in default.

[29]See Notice of Default and Intent to Accelerate [August 15, 2014], Exhibit 1-D to SPS Declaration, p. 30; Notice of Default and
(continued...)

Mrs. Kormanik on February 7, 2018.[30] The Trustee therefore complied with the Texas Property Code's notice requirements, and the Kormaniks were given sufficient time to cure the default. Neither Plaintiff nor Mrs. Kormanik allege that they are members of the military. Because the Trustee has presented sufficient evidence to satisfy the requirements for an order of foreclosure under the Texas Property Code, the Trustee's request for a judgment authorizing foreclosure will be granted. The Trustee is therefore entitled to summary judgment on its counterclaim against Plaintiff and on its third party claim against Mrs. Kormanik.

## IV. Conclusion and Order

For the reasons explained above, no genuine issues of fact remain with respect to the allegations in Plaintiff's Original Petition. The Trustee is entitled to summary judgment on Plaintiff's claim for declaratory relief. The Trustee has also presented sufficient evidence that it is entitled to a judgment authorizing foreclosure. The Trustee is therefore entitled to summary judgment on its counterclaim against Plaintiff and its third party claim against Mrs. Kormanik.

---

[29](...continued) Intent to Accelerate [January 4, 2018], Exhibit 1-F to SPS Declaration, Docket Entry No. 14-1, p. 42.

[30]See Notice of Acceleration, Exhibit 1-G to SPS Declaration, Docket Entry No. 14-1, p. 45.

Defendant's Motion for Summary Judgment on all Claims, Counterclaims and Third Party Claims (Docket Entry No. 14) is **GRANTED**. The Trustee's proposed Final Judgment and Order of Foreclosure (Docket Entry No. 14-3) will be entered.

**SIGNED** at Houston, Texas, on this the 3rd day of July, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE